IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| GUIDEONE NATIONAL INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 7:22-cv-00092 |
| ALVARADO OILFIELD SERVICES, LLC, | § § § | |
| Defendant. | § | |

## GUIDEONE NATIONAL INSURANCE COMPANY'S
## ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW Plaintiff, GuideOne National Insurance Company, and in support of its Original Complaint and Request for Declaratory Judgment against Alvarado Oilfield Services, LLC, states the following:

### I.
### PARTIES

1. Plaintiff GuideOne National Insurance Company ("GuideOne" or "Plaintiff") is an insurance company authorized to do business in the State of Texas. Under 28 U.S.C. §1332 (c)(1), GuideOne is a citizen of the State of Iowa, because it is incorporated in Iowa and has its principal place of business in West Des Moines, Iowa.

2. Under 28 U.S.C. §1332 (c)(1), Defendant Alvarado Oilfield Services, LLC ("Alvarado" or "Defendant") is a citizen of the State of Texas because at all times material to this action, Alvarado was a corporation organized pursuant to the laws of the State of Texas, with its place of business in Texas. Alvarado may be served with process through its registered agent, Christopher Alvarado, at 1434 Broughton, Odessa, Texas 79761.

## II.
## JURISDICTION AND VENUE

3. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 et seq.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. More specifically, this action is brought for the purpose of determining a real, substantial, and justiciable controversy between the parties concerning the rights and responsibilities of the parties with respect to certain contracts of insurance.

6. Under 28 U.S.C. § 1391, venue is proper in the United States District Court for the Western District of Texas, Midland-Odessa Division, because the insurance contract between the parties was delivered, the policyholder resides, and the losses complained of for which recovery is sought from the insurance policy in question all took place within the area encompassed within this district.

## III.
## INSURANCE POLICY AT ISSUE

7. GuideOne issued a commercial excess liability policy of insurance to Alvarado, identified as policy number 560001106-00 (the "GuideOne Policy"). *See* **Exhibit 1** (GuideOne Policy) at p. 3.

8. The GuideOne Policy's effective dates were April 9, 2019 to April 9, 2020. *See id*.

9. The GuideOne Policy was intended to provide commercial excess liability coverage according to its agreed terms of up to $5,000,000 for covered occurrences. *See id*. at pp. 3, 6-11.

10. Alvarado maintained a primary policy (the "Underlying Insurance Policy") through American International Group, Inc. ("AIG") and National Union Fire Insurance Company of

Pittsburg, PA ("National Union") that provides coverage of up to $1,000,000 for covered occurrences. *See* **Exhibit 2** (Underlying Insurance Policy) at pp. 1-3.

11. The Underlying Insurance Policy's effective dates were April 9, 2019 to April 9, 2020. *See id.* at p. 2.

12. The GuideOne Policy is a "follow form" excess policy that limits coverage to the scope of available coverage available under the Underlying Insurance Policy issued by AIG and National Union.

13. The Underlying Insurance Policy includes the following exclusion, incorporated into the follow form GuideOne Policy, which specifically excludes claims for "bodily injury" incurred by "an 'employee' of the 'insured' arising out of and in the course of: (1) Employment by the 'insured'; or (2) Performing the duties related to the conduct of the 'insured's' business[.]" *Id.* at p. 16 (Section II.B.4).

14. The Underlying Insurance Policy also includes the following exclusion, incorporated into the follow form GuideOne Policy, which specifically excludes "[a]ny obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation, disability benefits or unemployment law or any similar law." *Id.* at p. 16 (Section II.B.3).

**IV.**
**UNDERLYING LAWSUIT**

15. On or about February 10, 2020, two employees of Alvarado were killed in a motor vehicle accident that occurred in Andrews County, Texas. *See* **Exhibit 3** (Pls. Orig. Pet. in Underlying Lawsuit).

16. On April 16, 2020, a spouse of one of the deceased Alvarado employees, Yvonne Ortiz ("Ortiz"), filed suit in the 109th District Court of Andrews County, Texas against Alvarado

and two other named defendants in the case styled *Yvonne Ortiz, Individually and as Next Friend of Vernardo Ojeda, Jr., a Minor Child v. Alvarado Oilfield Services, LLC, MV Trucking, LLC, and Mike Ray Ventura, Jr.*, Cause No. 21,926 (the "Underlying Lawsuit"). *See id*. at p. 1.

17. In her Original Petition in the Underlying Lawsuit, Ortiz alleges negligence against Alvarado and the other two named defendants and seeks certain specified damages, including damages for wrongful death. *See id*. at pp. 3-5. In the Underlying Lawsuit, Ortiz seeks "monetary relief in excess of $1,000,000." *See id*. at p. 2.

18. Alvarado appeared in the Underlying Lawsuit and filed its Original Answer on May, 8, 2020. *See* **Exhibit 4**.

19. Intervening parties Shelby Lynn Love-Norton, Individually and as Next Friend of Layla Ojeda, a Minor Child, and Yulasie Ojeda, a Minor Child ("Love-Norton") filed an Original Petition in Intervention on July 30, 2020 as part of the Underlying Lawsuit. *See* **Exhibit 5** ("Love-Norton Pet. in Intervention). The causes of action alleged and relief sought by Love-Norton in such intervention are substantially the same as those set forth by Ortiz in the Underlying Lawsuit. *See id*. at pp. 5-8.

20. Subsequently, intervening parties Isela Areli Pilar-Astorga, as Next Friend of Cesar Joel Astorga ("Pilar-Astorga") likewise filed an Original Petition in Intervention to the Underlying Lawsuit. *See* **Exhibit 6** ("Pilar-Astorga Pet. in Intervention"). The causes of action alleged and relief sought by Pilar-Astorga in such intervention are substantially the same as those set forth by Ortiz in the Underlying Lawsuit. *See id*. at pp. 3-5.

21. To GuideOne's limited knowledge, the Underlying Lawsuit (including all plaintiffs and intervening petitioners) remains pending.

22. GuideOne is not – and has never been – a party to the Underlying Lawsuit. However, by virtue of its issuance of a commercial excess liability insurance policy, *i.e.* the GuideOne Policy, to Alvarado, GuideOne has an interest in the Underlying Lawsuit.

23. From the information made available to GuideOne, it appears the two deceased Alvarado employees were acting in the course and/or scope of their employment with Alvarado and/or were performing duties related to the conduct of Alvarado's business at the time of the subject accident which would exclude coverage under the GuideOne Policy as described in paragraphs 13 and 14, above.

24. GuideOne herein seeks a declaration as to its duties and obligations, if any, owed to Alvarado under the GuideOne Policy for the Underlying Lawsuit.

25. An actual controversy therefore exists between the parties hereto pursuant to 28 U.S.C. § 2201 et seq., Chapter 37 of the Texas Civil Practice and Remedies Code, and Rule 57 of the Federal Rules of Civil Procedure, and this Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to issues raised by this Complaint.

## V.
## COUNT I - Declaratory Judgment

26. GuideOne incorporates by reference paragraphs 1-25 as through fully set forth here.

27. An actual controversy has arisen between Plaintiff and Defendant with respect to whether the GuideOne Policy provides coverage for the events complained of in the Underlying Lawsuit. Plaintiff has no other adequate remedy at law.

28. As stated above, upon information and belief, GuideOne asserts the two deceased Alvarado employees were acting in the course and/or scope of their employment with Alvarado and/or were performing duties related to the conduct of Alvarado's business at the time of the

subject accident. Thus, the follow form GuideOne Policy does not provide coverage for the subject accident. GuideOne herein asserts the events complained of in the Underlying Litigation are specifically excluded from coverage under the follow form GuideOne Policy based on information known to date.

29. Pursuant to 28 U.S.C. § 2201, *et seq.*, Plaintiff GuideOne seeks a judicial declaration of its rights and duties as to Alvarado under its policy as excess over the Underlying Insurance Policy in respect to the Underlying Lawsuit. The Court's making of such a declaration will confer certainty on the parties with respect to their rights and obligations under the policy GuideOne issued to Alvarado and will therefore serve the interests of justice.

30. In addition to the foregoing policy provisions, GuideOne herein pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the GuideOne Policy and the Underlying Insurance Policy, which also may be found to be applicable, and GuideOne reserves the right to amend its Original Complaint and Request for Declaratory Judgment as additional and/or more specific information becomes available.

## VI.
## JURY DEMAND

32. Plaintiff GuideOne hereby requests a trial by jury and tenders the jury fee contemporaneously herewith.

## VII.
## PRAYER

**WHEREFORE**, Plaintiff GuideOne National Insurance Company respectfully seeks the following from this Court:

A.  A declaration of GuideOne's rights and duties as to Alvarado under its policy as excess over the Underlying Insurance Policy in respect to the Underlying Lawsuit;

B.  Entry of an Order finding the events complained of in the Underlying Lawsuit are not covered under the follow form GuideOne Policy;

C.  And any other such relief as this Court may deem proper and just.

        Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**
One Barton Skyway
1501 South Mopac Expressway, Suite A400
T: (512) 472-0288
F: (512) 472-9260

*/s/ W. Paul Miller*
W. Paul Miller
State Bar No. 24068130
wpm-svc@germer-austin.com
Ian M. Lancaster
State Bar No. 24097964
ilancaster@germer-austin.com

**COUNSEL FOR PLAINTIFF
GUIDEONE NATIONAL
INSURANCE COMPANY**